

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Honorable James M. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:        Opinion No. O-214
Re: Would Red Arrow Freight
Lines, Inc., be permit-
ted to pick up and inter-
line freight at Schulen-
burg from the Border
Truck Lines) under the
facts set forth?

We are in receipt of your letter of April 25,
1939, wherein you request our opinion in response to the
question which hereinafter appears.

The facts submitted to us are as follows:

On January 26, 1939, the Railroad Commission
issued to Red Arrow Freight Lines, Inc., certificate of
convenience and necessity No. 3009, authorizing the said
Red Arrow Freight Lines to operate as a common carrier
motor carrier from Bremond to La Grange via Hearne and
Rockdale over state highways Nos. 6, 43, and 44, and
from Schulenburg to Cuero via Halletsville and Yoakum
over state highways Nos. 44 and 72, but the authority of
the said Red Arrow to transport freight over the above
routes being subject to the following restrictions:

"1. The applicant is expressly pro-
hibited and restricted from rendering
any common carrier service on freight
both intrastate and interstate, origi-
nating in or destined to Hearne, Rock-
dale, La Grange or intermediate points
between Bremond and La Grange.

"2. The applicant is expressly prohib-
ited and restricted from rendering any
common carrier service on freight, both

interstate and intrastate, originating in
or destined to Halletsville or Yoakum.

"3.   The applicant is expressly prohibited
and restricted from transporting over this
route any freight, including interchange
freight including both intrastate and in-
terstate freight, from Fort Worth, Dallas
or Waco and destined to Bastrop, Smith-
ville, Seguin or Luling and freight origi-
nating in such points and destined to Fort
Worth, Dallas or Waco.

"4.   The applicant is expressly prohibited
and restricted from transporting over this
route any freight including interchange
freight and including both intrastate and
interstate freight, from Fort Worth, Dallas
or Waco and destined to Austin, San Antonio,
or Houston and freight, including inter-
change freight and including both inter-
state and intrastate freight from San An-
tonio, or Houston and destined to Fort
Worth, Dallas or Waco."

You advise that the Herder Truck Lines, serving
in that particular section, has a certificate with all
rights and no restrictions to pick up freight and inter-
line same at all points on its route, including Hallets-
ville and Yoakum. Also, we are advised that Red Arrow
also holds certificate No. 2761 issued on February 14,
1934, authorizing operation as a common carrier motor
carrier from Austin to La Grange and La Grange to Schul-
enburg with the restriction that Red Arrow should be pro-
hibited from serving La Grange on shipments originating
in Houston and from serving Houston on shipments origi-
nating in La Grange. Under such certificate said Red Ar-
row was also prohibited from serving Bastrop and Smith-
ville on shipments originating in Austin or at points be-
tween Austin and San Antonio, such restriction also ap-
plying on shipments originating at Smithville or Bastrop
destined to Austin or points intermediate between Smith-
ville and Austin. We are also advised that Red Arrow
Freight Lines, Inc., holds Certificate No. 2664 issued on
June 23, 1932, authorizing operation as a common carrier
motor carrier from Houston to San Antonio via Gonzales,
Schulenburg, Eagle Lake, East Bernard and Richmond.

You request our opinion as to whether or not the said Red Arrow Freight Lines, Inc., should be permitted to pick up and interline freight at Schulenburg from the Herder Truck Lines, said freight originating at Hallettsville and Yoakum, taking into consideration the fact that the Herder Truck Lines has a certificate to pick up such freight at those points.

The restriction No. 2 contained in Certificate No. 3009 is clear in its terms and prohibits Red Arrow Freight Lines, Inc., from rendering any common carrier service on freight originating in or destined to Hallettsville and Yoakum. The language used in the restriction is much broader than would have been necessary to have prohibited Red Arrow from picking up or delivering freight at Hallettsville and Yoakum. For the purpose of this opinion it may be conceded that prior to the writing of Certificate No. 3009, Red Arrow could interline at Schulenburg and render the service concerned in the question which you submit to us. Red Arrow Freight Lines, Inc., was not required to accept Certificate No. 3009. Had Red Arrow desired to do so it could have retained its right to interline at Schulenburg and could have rejected the certificate tendered it on January 26, 1939, containing the restriction which prohibited it from performing such service. Having accepted the certificate, Red Arrow Freight Lines, Inc., took the same subject to the restrictions therein contained. For the benefits therein granted it exchanged its right to interline at Schulenburg. Under the schedules which Red Arrow was able to maintain prior to receipt of Certificate No. 3009, it may not have been able to compete for the Yoakum and Hallettsville freight interlined at Schulenburg and it may well have been the purpose of the Railroad Commission to refrain from setting Red Arrow up so as to enable it to compete for such shipments. In any event, the language contained in restriction No. 2 of such Certificate No. 3009 is so clear and unambiguous as not to be susceptible of construction. It cannot render any common carrier service on freight originating in or destined to Hallettsville and Yoakum.

Your question is necessarily answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By GLENN R. LEWIS (Sgd.)
Glenn R. Lewis
Assistant

GRL:FL
APPROVED:
GERALD C. MANN (Signed)